UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Phillip K. Johnson Jr.,　　　　　　　　　　　　Case No. 5:14-cv-191-OC-27PRL

　　　　　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

Secretary, Department of
Corrections, and Florida
Attorney General,

　　　　　　　　Respondents.
_____

This matter is before the Court on a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. For the following reasons, the Petition is denied.

**BACKGROUND**

In April 2009, a jury convicted Petitioner Phillip K. Johnson, Jr. of attempted robbery with a firearm. The trial court sentenced Johnson to 30 years in prison.

Johnson subsequently filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800. The postconviction court denied the motion and Johnson appealed that decision. The appellate court reversed and ordered that Johnson be resentenced to fifteen years' imprisonment with a mandatory minimum of ten years after the government conceded that there had been a sentencing error. Johnson v. State, 44 So. 3d 209 (table) (Fla. Dist. Ct. App. 2010).

In August 2011, Johnson filed for postconviction relief under Florida Rule of Criminal Procedure 3.850, this time claiming ineffective assistance of counsel. The postconviction court held an evidentiary hearing on some of Johnson's claims, and

eventually denied relief on all grounds. The appellate court affirmed. Johnson v. State, 130 So. 3d 233 (table) (Fla. Dist. Ct. App. 2013).

In March 2014, Johnson timely filed the instant Petition. Johnson claims that he received ineffective assistance of counsel because his trial counsel (1) made an inadequate motion for judgment of acquittal, (2) failed to object to the filing of an amended information, (3) failed to object or move to suppress hearsay identification testimony, (4) failed to object to suggestive police identification procedures, and (5) failed to request a jury instruction on abandonment. (Pet.'s Supp. Mem. (Docket No. 2) at 4-20.)

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., a federal court's "review is greatly circumscribed and is highly deferential to the state courts." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). Indeed, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted). 28 U.S.C. § 2254, which applies to persons in custody pursuant to a state-court judgment, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, § 2254 states that "a determination of a factual issue made by a State court shall be presumed to be correct." Id. § 2254(e)(1). The burden is on the petitioner to "rebut[] the presumption of correctness by clear and convincing evidence." Id.

## A. Ineffective Assistance of Counsel

Johnson can succeed on his ineffective-assistance-of-counsel claims only if he can show that the trial court's or appellate court's determination of the facts surrounding his claims was unreasonable. 28 U.S.C. § 2254(d). Thus, he must establish both that his counsel was ineffective and that it was unreasonable for the court reviewing his claims to conclude otherwise.

"Ineffective assistance of counsel can be grounds for challenging a conviction if counsel's performance was so egregious that it rendered the trial fundamentally unfair." Damron v. Florida, No. 8:07cv2287, 2009 WL 1514269, at *2 (M.D. Fla. May 29, 2009) (citing Strickland v. Washington, 466 U.S. 668, 701 (1984)). Johnson must demonstrate "that his counsel's performance was objectively unreasonable by professional standards and that he was prejudiced as a result of the poor performance." Id. (citing Strickland, 466 U.S. at 687-88). To show prejudice, Johnson "must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Woodford v. Visciotti, 537 U.S. 19, 22 (2002) (quotations omitted). Moreover, "[t]here is a strong presumption that an attorney's conduct fell within the 'wide range of professional norms,' and anything that 'might be considered

3

sound trial strategy' will generally not prove counsel ineffective." Damron, 2009 WL 1514269, at *2 (quoting Strickland, 466 U.S. at 689).

### 1. Motion for Judgment of Acquittal

Johnson first argues that his counsel was ineffective for failing to adequately argue and renew a motion for judgment of acquittal. Johnson contends that the State failed to provide sufficient evidence that he attempted to rob—rather than merely extort—the victim, and that his trial counsel's failure to raise this argument was constitutionally inadequate. (Pet.'s Supp. Mem. at 5-6.) A judgment of acquittal should only be granted where the evidence is insufficient to warrant a conviction. McBride v. State, 7 So. 3d 1146, 1148 (Fla. 2d DCA 2009). During Johnson's trial, the victim identified Johnson in open court and testified that Johnson pulled a gun out of his pocket, pointed it towards the victim's head, and demanded money. (App'x (Docket No. 12) at 520.[1]) He further testified that Johnson later approached him and offered him money to not testify in court. (Id. at 523.) That evidence was sufficient to warrant a conviction. Therefore, even if Johnson's trial counsel had raised a more adequate motion, it would have been futile. Failing to raise a futile motion does not constitute ineffective assistance of counsel.

### 2. Failure to Challenge Amended Information

Johnson next argues that his trial counsel was ineffective because his attorney failed to challenge the State's amended information. But the State may amend an information any time before—and even during—trial unless there is a showing of prejudice to the substantial rights of the defendant. State v. Clements, 903 So. 2d 919,

---

[1] The Court's citations to Respondents' Appendix are to the page numbers on the Court's electronic docket.

921 (Fla. 2005) (quoting State v. Anderson, 537 So. 2d 1373, 1375 (Fla. 1989)). Here, the State amended the information almost a month before trial and Johnson has failed to show how the amendment prejudiced him. (App'x at 574-77.) Thus, his trial counsel's failure to object to the amended information does not constitute ineffective assistance of counsel.

### 3. Hearsay

Johnson also argues that his trial counsel was ineffective by failing to object to certain hearsay testimony that identified him as the perpetrator. During the state court's postconviction hearing, Johnson's trial counsel testified that he made the decision to not object to the hearsay identification testimony because his trial strategy was misidentification. Such strategic trial decisions do not constitute ineffective assistance of counsel. See Souffrant v. State, 994 So. 2d 407, 411 (Fla. 3d DCA 2008).

### 4. Identification Procedures

Johnson argues that his trial counsel was ineffective for failing to object to identification evidence because the identification procedure was unduly suggestive.

Eyewitness identification "may constitute a due process violation if the identification procedures were 'unnecessarily suggestive and conducive to irreparable mistaken identification.'" Rivera v. Sec'y, No. 2:13cv590, 2016 WL 3421631, at *1 (M.D. Fla. June 22, 2016) (citing Stovall v. Denno, 388 U.S. 293, 302 (1967)). The fact that the identification procedure used was suggestive, alone, does not violate due process. See Neil v. Biggers, 409 U.S. 188, 198-99 (1972). Rather, the "central question" is "whether under the totality of the circumstances the identification was reliable even though the confrontation procedure was suggestive." Id. at 199 (quotations and citations

omitted). There are several factors to consider in evaluating "the likelihood of misidentification," including: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. Id. at 199-200.

The victim here had an excellent opportunity to view Johnson at the time of the crime because Johnson stood approximately a foot away from him while demanding money. And Johnson presumably had the victim's full attention because Johnson was holding a gun to the victim's head. The victim also testified that he knew Johnson's nickname and had contact with him both before and after the attempted robbery. Finally, the victim identified Johnson shortly after the attempted robbery and was certain of that identification. Under the totality of these circumstances, the identification was reliable even assuming that the identification procedure may have been suggestive. Trial counsel's failure to object to the identification evidence therefore does not constitute ineffective assistance of counsel.

### 5. Abandonment Instruction

Finally, Johnson argues that his trial counsel was ineffective for failing to request an additional jury instruction on abandonment. But trial counsel strategically decided to not request a jury instruction that was inconsistent with Johnson's misidentification theory. Such strategic trial decisions do not constitute ineffective assistance of counsel. See Souffrant, 994 So. 2d at 411.

### B. Certificate of Appealability

Johnson is required to secure a Certificate of Appealability before appealing the dismissal of his habeas corpus action. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). This Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The prisoner must establish that the resolution of his constitutional claims "was debatable among jurists of reason." Lott v. Att'y Gen., Fla., 594 F.3d 1296, 1301 (11th Cir. 2010).

Johnson has not demonstrated that his claims are debatable or that they "deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. The Court will therefore not grant a Certificate of Appealability on any of Johnson's claims.

### CONCLUSION

Johnson is not entitled to federal habeas relief on his claims. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;
2. A Certificate of Appealability will not issue; and
3. The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated: April 10, 2017         *s/Paul A. Magnuson*
                                                   Paul A. Magnuson
                                                   United States District Court Judge